May it please the Court, my name is Tom Carlson, and I represent the individual appellant, David Brewer, and the entity appellant, 21X Capital. And I differentiate between them very carefully for good reason, as we'll see. At the outset, I'd like to mention that, with the Court's permission, I intend to reserve two minutes of my allotted time for rebuttal. You may do so, but you have to watch the clock. I'll keep a close eye on the clock. Our questions may divert you from your plan. Thank you. While appellants disagree with the reasons for the non-merits-based dismissal, the issue on appeal, and the sole issue here, is the impropriety of the attorney fee awards. As I shall show, the fee awards were improper as to both the individual brewer and as to the entity, 21X, but particularly as to the individual brewer. There are several of them. First, an action on a contract which contains an attorney's fees clause. Why is that not right? Simply, Your Honor, because turning to the individual appellant, David Brewer, first, it is fundamental that any contractual entitlement to attorney's fees only applies to a party to the contract or to an alleged party to the contract. The simple fact here is that David Brewer individually was not a party to that contract and he was not an alleged party to that contract. Are you conceding that this is a suit on a contract? No, I'm not, Your Honor. I do believe that a threshold issue, you don't get to Brewer liability if this is not a suit on a contract. I do believe that this was technically an action on a judgment. As the Court will see in my brief, the action on the contract took place in the State Court. Most assuredly, that was an action on the intercreditor agreement between the entities. But once judgment issued in that, then the alter ego action was filed. The sole cause of action in that case was entitled action on judgment. That is the proper form of an action in State court with respect to an alter ego finding. And so this was not an action on a contract. This was actually an action on a judgment. But I do wish to further address Your Honor's thoughts with respect to whether or not there is liability if this, assuming this is an action on a contract. Well, let's finish up on the judgment issue. There are some California cases that help us on this, are there not? Yes, there are, Your Honor. I have cited your view of Chelios and Reynolds. Chelios is the case which predated the statutory amendment to the Code of Civil Procedure 685.040. And the reason that that statute came into play is that the California Civil Code 1717 is actually entitled action on a contract. And that statute says that if there's an action on a contract and there's an attorney fee clause, that, you know, fees shall be awarded even if the party is not specified in the contract. And that that statute was the 1717 statute itself was designed to prevent the oppressive use of one-sided attorney's fees clause that purported to be unilateral. So in Chelios, what the Court said is after there's a judgment, the contract as a matter of law has merged into the judgment. There's been an adjudication of the rights and liabilities of the parties based on that contract. That has now been reduced to a judgment. The contract is essentially metaphysically no longer in effect. And therefore, if attorney's fees are incurred in collection activities, they shall not be recoverable because there's no – there's no contract existing. And so the statute was then amended, 685 – the statute was amended 685.040 to say a judgment creditor shall be entitled to collection fees if there is a judgment that generates that. So I do think the merger doctrine does remain in effect and that this was not an action on a contract, simply because the contract merged into the judgment. If I may, Your Honor, the – back to the – back to the issues on the principal issue as to David Brewer. First, I want to make sure that there's no doubt as to the standard of review here. There were some loose references, and they appear as – we're as brief to the abuse of discretion standard. In actuality, the Court will find that the parties do agree on the correct standard of review here. In footnote 57 of the whereas brief on pages 18 through 19, the Court will see that, first, it is a question of law de novo to analyze if the Court properly analyzed the illegal standards for the application of fees. Secondly, for any factual findings underpinning the award of fees, that will be reviewed for clear error. It is only when those two are met does the Court then apply an abuse of discretion standard. And abuse of discretion often goes to such matters as amounts and were rates reasonable like. So the standard of review is – is de novo here, and that standard has been met by both appellants for reversal of this. On the contract judgment alter ego issue, you make it sound so clear. What did the district court say in deciding this against you? Well, there was a little bit of a procedural anomaly here, Your Honor. Technically, the first attorney fee motion was only made against the entity 21X Capital. The notice of motion of the – of the – of the memo itself specified that this motion is made against 21X Capital. Your Honor will find that at the record at pages 825 through 842. In the first attorney fee order, the Court does recite that before the Court is the order for fees against 21X Capital. And there was then a 12-page order on fees. At the conclusion of that order, there was an ambiguous sentence. And that sentence said, attorneys' fees are awarded, judgment against – judgment in favor of plaintiffs, and judgment against defendants, plural. And it seemed ambiguous if that was then meant to somehow collapse the individual into the fee award that had been issued against the entity. So a motion to correct or clarify was then made. The Court will then see that there was a very simple, just one-sentence order, without substantive analysis, that said, the Court has reviewed this. The Court finds no good cause to review – to reverse it because Brewer was pursuing the judgment. Respectfully, that is not the standard for an award of attorneys' fees against an individual. It is fundamental that attorneys' fees may only be awarded if there is a contract or statute. The pursuit of a judgment alone is not enough to generate an entitlement to attorneys' fees. And the Court did not even mention anything in the judgment, the order, with respect to the motion to clarify that Brewer was a party to the contract or Brewer was an alter ego. Robertson, did anybody file a second motion to clarify? No, Your Honor. The first – it seemed futile, because the first motion to clarify laid out all the issues that I have presented to the Court here with respect to Brewer was not a party to the contract. He didn't pursue – he wasn't pursuing the judgments. He wasn't even a party to many of the underlying judgments. The big judgments in State court below were only in favor of 21X Capital, and that's a very important point. To the extent that the Court looks at this, the Court will see there's factually clear error. If you look at the – literally the titles of the judgments issued in State court, the auction judgment for 1.5 million in favor of 21X Capital alone. The attorney fee award in the State court was only in favor of 21X Capital. In fact, very importantly, Brewer was denied attorney's fees in the State court because he wasn't a party to the contract. And there is no – there is no more that one need look to to determine if the award against Brewer was improper. The Wears, in fact, admit that Brewer was not a party to the contract. You'll see in – you'll see in the Wears' brief at page 9, the Wears admit that. And frankly, the record is replete with statements that the – he was not a party to that contract. It was found by the State court. It was adopted as a State court finding, the district court judicial notice of. It's even referenced in the fee order itself, that the contract was only in favor of 21X Capital. So here, there was no contract or statute as to – as to Brewer, and the pursuit of the fee award against him was – was improper. In fact, I do think that the casual sweeping together of the individual entity here were particularly ironic. This entire case was about alter ego.  This entire case was about the liability of an individual for supposed debts of the entity, and so it was particularly ironic that this was just casually swept in at the end. So even if all the other arguments in this appeal are rejected with respect to choice of law, with respect to subject matter jurisdiction, the award against Brewer should be reversed. There is no contract as to him, no statute as to him. Secondly, as I said, there are five reasons that the reversal is mandated as to both parties. I focused on Brewer primarily, but there are four other independently sufficient reasons that mandate reversal of the judgment as to both appellants. First, California law was simply inapplicable, and this is a question the Court can look at de novo. The Court – the Court erred in applying California law rather than Texas law. In the district court, after a very studied analysis, the Court determined that it would apply Texas law to the underlying case. The Weirers argued successfully the choice of law clause was irrelevant. They managed to convince the Court to subject the case to Texas law. Under Texas law, there is no attorney fee liability for an absolved alter ego. And as the Court is aware, the only entitlement to fees that the Weirers received was because they were alleged to be alter egos, they prevailed on a case, and even though by definition they were not found to be alter egos, they were deemed to be the prevailing parties. That is not the law in Texas, and that is why the Weirers did an about-face at the end of the case and said all of a sudden that California law should apply. The Weirers are judicially stopped from taking advantage of that, having received the advantages in the district court of the application of Texas law. And they did receive an advantage. The case was dismissed for lack of standing and violation of the bankruptcy stay based upon Texas and Fifth Circuit law. I respectfully submit that had this case been tried under California law, even that non-merits-based dismissal would not have happened because the Ninth Circuit law is very different with respect to whether a trustee in bankruptcy owns an alter ego claim or that's held by the creditors. So the application of California law was an error, and that applies to both. Third, the Court simply didn't have jurisdiction to award fees because of the way it dismissed the case. There were two reasons the Court dismissed the case. First, the Court found that it was filed and prosecuted in violation of the bankruptcy stay. Secondly, the Court said that it had no subject matter jurisdiction because there was no standing. Under either scenario, the Court was not empowered to award fees. First, as to the bankruptcy stay, and this is independent of standing, the cases are substantial that if a case is prosecuted in violation of a bankruptcy stay, the district court should take no further action on it. What it should do is dismiss it for lack of jurisdiction. The court – district court lacks jurisdiction to deal with it, it should go back to the bankruptcy court. Secondly, because there's no subject matter jurisdiction, there's a lot of Ninth Circuit authority that says if there's no subject matter jurisdiction, there is no jurisdiction to award fees. A few other points, Your Honor. Is this – It is still a question. Counsel, you're down below two minutes, but it's your choice. Yes. Let me ask you a question. The other side tells us that your argument is doomed by Regnier, and your answer to that is what? My answer to that, Your Honor, that that case deals with whether or not the contract is merged into the judgment, and the Regnier case predates the amendment to CCP 685.040. And so Regnier, frankly, is – is no longer good law on that. Even after that statute was amended, I've cited cases in there to the effect that the contract merger doctrine still applies, and the contract is deemed merged into the judgment. So it's not an action on the contract. It's an action on the judgment. If Regnier is good law, it seems you lose. If one assumes that, Your Honor, on that one single issue, and that is we have several other arguments, the action, whether or not it's an action on the contract, California law shouldn't have even applied, and the award should not have happened as against Brewer. These are all independently sufficient reasons that justify dismissal. If there are no further questions, I will reserve now. 25 seconds. I'll reserve 25 seconds. You may do so, counsel. Thank you. We'll hear from the other side. May it please the Court, Steve Hirsch for Appellees Robert and John Wera. The sole question posed by this case is who should bear the burden of $1.5 million in attorney's fees that were expended in fending off a lawsuit that was brought in improperly in violation of the automatic bankruptcy stay? Should the defendants, my clients, bear that expense, or should it be borne by the parties that dragged my clients through two years of litigation and a nine-day trial only to find out that they lacked standing and had violated the automatic bankruptcy stay? Now, I'll be ---- The district court confronted with this bankruptcy stay argument, and did the district court say anything about it? Quite, Your Honor. It dismissed the case because of the bankruptcy stay. That was the very basis on which ---- I mean, on the fees issue, you say the fallback is that on another basis other than the one used by the district court, we must give you fees because they're required under 362K. Your Honor, 362K was not raised below. But I would like it was not raised below. So how do you raise it here? I can raise it here because I think this is a classic case for overlooking a waiver. And the reason I say ---- I'm sorry. I raise it here because I think this is the classic case for overlooking a waiver. And the reason I say that, Your Honor ---- Classic case for overlooking a waiver. Yes, Your Honor. May I ---- can I try to persuade you of that? Go ahead. I mean, you might be better ---- you might spend your time better on the other issues in the case, but that's your choice. All right, Your Honor. I'm happy to ---- I'm happy to switch to the contractual area where it seemed that ---- I'm still kind of curious. I didn't realize there were classic cases to overlook waiver, although waiver is a pretty open and shut doctrine. You've wandered into a swamp. Well, Your Honor, the precedents of this Court say that when the issue is purely legal and you can decide it on a full record and there's no prejudice to the other side in doing so ---- Well, but the process turns into a degenerative disease rather than a way of resolving conflicts. You know, when you get to change your theory as you go up, that isn't really quite fair. Your Honor, here, the gap between the theory I'm asserting and the basis on which the case was dismissed, there's no daylight there. It was dismissed on a bankruptcy stay violation, and there's a one simple Federal statute that resolves every issue in this case. You're telling us you had a no-holds-barred winner in the district court. I'm afraid so, Your Honor. And you missed it. Yes. I'm afraid so, Your Honor. I knew that this was a bankruptcy stay violation case, and everybody knew that. Your Honor, this came at the end of a long and hard-fought battle in which the parties immersed themselves in issues of alter ego law, and at the end a surprise came, which is that the judge identified the automatic stay violation, and suddenly everyone was thrown into a sort of right turn. And I will admit that the trial team didn't make that turn quite fast enough on the case, but I will say. I warn my law clerks always. If you don't know bankruptcy law, you're going to get in trouble at some point in your career. Boy, is that true. But, Your Honor, every single element of a 362K award is here on an undisputable record. I will say this very briefly, and I will move on. There was an automatic stay violation. That is why the case was dismissed. The violator knew about the automatic stay. In fact, the violator paid the trustee $100,000 to avoid that, the claim that there was a stay violation going on. Well, now, you're suing on the judgment. Tell us why you're entitled to attorney's fees. I'm sorry. You're suing on the judgment. Yes. Tell us why you're entitled to attorney's fees. Okay. So this is the issue of whether the contract was subsumed into the judgment. You were suing on a judgment. Yes, Your Honor. All right. We're suing on a judgment that incorporates contractual attorney's fees. Well, that's a totally different as there's a host of California cases that make that clear, and you have one case that went the other way. I have one case, but the case was the other way. One case, and you can't explain how the others have gone astray, can you? Well, Your Honor, let's look at the statute on which they pin all their hopes on this issue. They say the cases. Yes, Your Honor. No, I mean, you have one case, and there was several cases going the other way. There's one case going our way. Rainier? Rainier. Rainier. And then there's the Chilios and Hamburg cases. Have you looked at the Ninth Circuit? I'm sorry? Have you looked at the Ninth Circuit interpreting California law? We cited State law in our briefs, Your Honor. Don't you think we're capable of interpreting California law? I do, Your Honor. Okay. You didn't care to look at it. Sorry? You didn't care to look at it. Okay, Your Honor. But may I look at the statute that they're using? Oh, well, we have our precedents, and we have California cases. But you can go back to the statute if you like. Well, Your Honor, their main argument is that in 1992, everything changed because they amended CCP 685.040. Well, that is an argument. They have lots of arguments. You have a lot of uphill climbing to do, but go ahead and try. Though I wouldn't, of course, if we would just go to the 362K argument, which moots this entire area, and I think that's yet another reason why that is a sensible outcome. But staying within the framework here, in 1992 – prior to 1992, 685.040 said that you don't get attorneys' fees for enforcing a judgment. In 1992, they added a final sentence to that, which states that attorneys' fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of essentially contractual attorneys' fees to the judgment creditor. Counsel, I'm having trouble finding – where is that reference? Is this a 1717? No, I'm sorry, Your Honor. This – I'm now talking about CCP 685.040, which is critical to their argument that this judgment is not on a contract, but rather under a statute. This is the statute. It says, don't misrepresent the law. The California cases say this is on a judgment. They don't depend on that. You can say this is one of their arguments, if you like, but don't misrepresent their case. Yes, Your Honor, I'll grant you that. Yes, yes. So – but may I – again, I believe that this final sentence added in 1992 actually helps us quite a lot here, if you look at it, because it reflects a legislative intent to say, yes, if there is an underlying contractual award of fees here and you go in a separate proceeding and try to enforce that, that the law will look down through that judgment and pick up that award of contractual attorneys' fees. You're very imaginative. I'm sorry? You're very imaginative in interpreting the legislation. Well, it does say that, Your Honor. That's what it says. If we follow – but – but – but – but – but – but – but – but – go ahead, Your Honor. Go ahead. So that's their – Be imaginative. No, okay. That's their argument. They say, however, the fees weren't incurred in enforcing the judgment, but in successfully defending against its enforcement, which I think is the point that Your Honor is making. If we follow Chilio's, how do you prevail? Chilio's, it was not a favorable case to us. We think – No, and in Hambrow's Reserve, a California appellate court said that – recognized the conflict between Raniere and Chilio's and said Chilio's is right, not Raniere. Yes, Your Honor. We think that those cases did not give sufficient scope to the fact that other cases in – in California give a very broad reading to the phrase, on a contract – Have you read Karnas v. Zimani, a Ninth Circuit case on this issue? I don't know that I have, Your Honor. You don't – you haven't read that? I don't think it was cited in – Well, here's what we said. In California, the contractual right to attorney's fees contemplated by 1717 is extinguished upon satisfaction of the judgment. Thus, in the absence of express statutory authorization, post-judgment attorney's fees cannot be recovered. Applying the Chilio's rule, how do you get around that? That seems to be our precedent. You haven't read it. I'm not aware whether it was cited, Your Honor. You didn't read the case – the case – well, go ahead. You want to go on for a minute and explain how you got Judge Ware to give damages against Brewer. How does that – that was a remarkable feat. How did you do it? Okay. Your Honor, again, another problem that goes away under 362K. Well, answer the question, please. But yes, I will answer that question. So 1717 grants courts a great deal of discretion to award fees either for or against a non-signatory party when there's a sufficient nexus between that party and a signatory. And there are various ways that the courts, because of the equitable nature of this, have let you – Are you saying Brewer was a party? No, he was not a party to the ICA, but he stood in very close relationship, a close nexus. Did you make that argument to Judge Ware? Oh, absolutely. In fact, Judge Ware depended, I think, to some degree on that argument. I think his opinion – I think his fee – Did he have an opinion? Did he write an opinion? Well, his overall fee opinion went on this matter. Well, but did he write an opinion as to Brewer? No, Your Honor. Well, Your Honor, he did not – he did not cite case law. Well, I'm looking at the amended judgment, and all it says here is judgment is entered in favor of Wera and Wera against plaintiffs 21X and David Brewer, and that's all it says. I believe that in response to the motion to clarify, Your Honor, a statement was made along the lines of Mr. Brewer has been prosecuting this lawsuit or something like that. Where was that in the record? Okay. May I look, Your Honor? So the decision denying the motion to amend is at ER 31 to 32. May I go to the table and get it for you, Your Honor? Sure. Yes. The Court wrote, The Court does not find good cause to amend its May 22nd judgment. So where are you reading, counsel? That's ER 31. The Court does not find good cause to amend its May 27th, 2009, amended judgment. It is undisputed that Plaintiff Brewer was a party to and sought to enforce the State Court judgment in this litigation. Thus, the Court finds that judgment was appropriately assessed against both plaintiffs. That's very persuasive, isn't it? Well, Your Honor. Lots of analysis. No, I wouldn't call it a masterpiece of jurisprudence, but it has a certain equitable rationale. He was, rather as in the Hepler case that we discussed in our brief, the driving force behind the litigation. He was the sole owner and shareholder of the corporate plaintiff. He had the power to stop the war whenever he wanted to. He had the power to prevent more fees from being expended. And instead, he pressed on with a suit that it turned out was completely improper and violated the automatic stay. So there are some equities here, and I think that the district court was responding to those. Are there any more questions for me this morning? No further questions, counsel. Thank you. Mr. Carlson, you have a little bit of reserve time. You don't need it. You don't need it. I will certainly take that, Your Honor. I appreciate it very much. Save the Court 24 seconds. Thank you. Thank you. Thank you very much, counsel. The case just argued will be submitted for decision.
judges: Noonan, O'scannlain, Trott